IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Camille Gburek, individually and on behalf of all others similarly situated ) ) ) Plaintiff, ) ) v. ) ) Litton Loan Servicing LP, ) Defendant. ) | FILED: JUNE 3, 2008<br>08CV3188         TG<br>JUDGE SHADUR<br>MAGISTRATE JUDGE KEYS<br><br>JURY DEMANDED |

**COMPLAINT – CLASS ACTION**

**MATTERS COMMON TO MULTIPLE CLAIMS**

**INTRODUCTION**

1. Plaintiff Camille Gburek brings this action to secure redress from unlawful credit and collection practices engaged in by defendant debt collector Litton Loan Servicing LP ("Litton"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.

2. The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt. 15 U.S.C. §§1692d, 1692e and 1692f.

3. Specifically, plaintiff alleges that defendant employed a company called Titanium Solutions, Inc, in order to trick consumers into providing Litton with private financial information, and to assist Litton in collecting debts.

**VENUE AND JURISDICTION**

4. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 (general federal question) and 28 U.S.C. §1337 (interstate commerce).

5. Venue and personal jurisdiction in this District are proper because: (a) Defendant's collection communications and activities impacted plaintiff within this District, and (b) Defendant does business within this District.

## PARTIES

6. Plaintiff is an individual who resides in the Northern District of Illinois and is a citizen and domiciliary of Illinois.

7. Defendant Litton Loan Servicing LP is a limited partnership organized under the law of Delaware and located at 4828 Loop Central Drive, Houston, Texas 77081.

8. Defendant is a debt collector under the FDCPA.

## FACTS

9. Plaintiff has been the victim of "loan flipping" by various financial institutions such as Ameriquest Mortgage Company, Inc. She has filed two lawsuits asserting her rights under the Truth in Lending Act and the Illinois Consumer Fraud Act. Those lawsuits are pending in the Northern District of Illinois, and have been consolidated in a large MDL proceeding before Judge Aspen. *Gburek v. Argent Mortgage*, 06 C 2639; *Gburek v. Ameriquest Mortgage Company*, 06 C 2637. Ms. Gburek is also the defendant in a foreclosure suit in Cook County Circuit Court.

10. On December 20, 2007, plaintiff's mortgage loan was in default.

11. On December 20, 2007, Litton sent plaintiff the letter attached as <u>Exhibit 1</u>, requesting that plaintiff contact it in order to collect plaintiff's mortgage debt.

12. <u>Exhibit 1</u> has the Litton Loan Servicing trademark on top, requests that plaintiff fill out an enclosed "Financial Information Form" that requests plaintiff's proprietary financial information, such as social security number, assets and liabilities and monthly income data.

13. Exhibit 1 states that it is an "ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE."

14. Upon information and belief, the statement that Litton will use any information it obtains through Exhibit 1 for purposes of collecting plaintiff's debt, was true.

15. Upon information and belief, Litton made an agreement with Titanium Solutions, Inc. whereby Titanium Solutions, Inc. would send plaintiff letters to try to assist plaintiff in making arrangements to pay off her mortgage.

16. On December 26, 2007, Titanium Solutions, Inc. sent the letter attached as Exhibit 2 to plaintiff.

17. Exhibit 2 states that Titanium Solutions, Inc. is not a debt collector.

18. The statement in Exhibit 2 that Titanium Solutions, Inc. is not a debt collector is false.

19. In Exhibit 2, Titanium Solutions, Inc. purports to be a company designed to help plaintiff pay off her loan.

20. Exhibit 2 requests that plaintiff fill out the enclosed "Financial Information Form" and mail it to Litton, in order for Titanium to "analyze" plaintiff's current financial position.

21. Even though Exhibit 2 purports to come from another company, Litton participated in its conception and/or sending, and Exhibit 2 requests that plaintiff send materials to Litton, rather than to Titanium Solutions, Inc.

22. Any question as to whether Titanium was working directly with Litton to gather information to collect the debt is answered by Exhibit 2, which, for example, contains a message from Litton, "Your servicer has also requested a copy of your most recent pay stub(s) and/or

3

your most recent Federal Income Tax Return." It also speaks for Litton, stating that "Your Servicer and Titanium Solutions hope that this assistance program results in a mutually positive experience for everyone, and then urges the borrower to call Litton's "Loan Workout Department" with questions.

23. In other words, Exhibits 1 and 2 serve the same debt collection purpose for Litton: they are both designed to either induce the borrower to pay off or modify the loan, or alternatively to provide information that will assist Litton in subsequent debt collection and foreclosure proceedings.

24. Upon information and belief, Litton's records showed in December 2007 that plaintiff was represented by counsel with respect to her mortgage loan, and was actually engaged in litigation against Ameriquest.

25. Alternatively, Litton has a duty to communicate with its mortgagor with respect to plaintiff, and should have known that plaintiff was represented with respect to this debt. Cf. *In re Nosek*, 2008 Bankr. LEXIS 1251 (Bankr. Mass. Apr. 25, 2008) (refusing to permit mortgage companies and servicers to turn a blind eye to what the other is doing).

26. Litton also sent plaintiff other letters in December 2007, that urge plaintiff to sell her home, or modify her mortgage, but tell plaintiff that she must do these things quickly because Litton's programs are only available for a limited time.

27. Plaintiff's Truth in Lending Act litigation against Argent asks for rescission of the loan that is the subject of Litton's letters to plaintiff, including Exhibits 1 and 2.

28. If successful, plaintiff's litigation would provide an absolute defense to any foreclosure proceedings. 15 U.S.C. § 1635(i).

29. There is also a stay of foreclosure and collection proceedings in place between the current holder of plaintiff's loan, WMC and plaintiff with respect to the ongoing litigation.

30. The sending of letters directly to a borrower who is represented by counsel, urging the borrower to take action that might compromise the pending litigation is a deceptive practice.

31. Titanium personnel, on behalf of Litton, also visited plaintiff's home personally several times in order to gain the information requested in Exhibits 1 and 2.

32. Exhibit 1 is a form letter.

33. Exhibit 2 is a form letter.

34. Upon information and belief, based upon the fact that the language in Exhibit 2 references "certain arrearages on your Loan," Litton shared a list of persons that were in default on their mortgage with Titanium Solutions, Inc.

### Count I – FDCPA

### Improperly Using Third Party to Collect Debtor Information

35. Plaintiff incorporates all previous paragraphs.

36. Litton violated the FDCPA when it agreed with third party Titanium Solutions, Inc. that Titanium Solutions, Inc. would send plaintiff letters asking plaintiff to send Litton information that Litton planned to use for debt collection practices.

37. Litton violated the FDCPA because it knew that Titanium Solutions, Inc. purported not to be a debt collector, and used this denial in order to circumvent the FDCPA and covertly gather information about plaintiff to use for collection purposes, and ultimately to collect plaintiff's debt.

38. Litton's practice of cooperating with a third party that purported not to be a debt collector in connection with collection of a debt is a false, misleading and deceptive practice, and violates the FDCPA. For example, section 1692e provides:

> **§ 1692e. False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
>> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

39. Defendant's practices complained of above also violate section 1692f, which provides:

> **§ 1692f. Unfair practices [Section 808 of P.L.]**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . .**

## CLASS ALLEGATIONS

40. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

41. The class consists of (a) all individuals with Illinois, Wisconsin and Indiana addresses, (b) who were sent Exhibit 2, (c) during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

42. The class is so numerous that joinder of all members is not practicable.

43. On information and belief, there are more than 50 individuals in the class as defined above.

44. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendant engages in a practice of employing third parties to assist it in collecting information about debtors, and whether such practice violates the FDCPA.

45. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

46. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

47. A class action is superior for the fair and efficient adjudication of this matter, in that:

   a. Individual actions are not economically feasible.

   b. Members of the class are likely to be unaware of their rights;

   c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

(1) Statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

## COUNT II - FDCPA

## Circumventing Debtor's Attorney

48. Plaintiff incorporates paragraphs 1 through 34.

49. While plaintiff generally commends efforts by lenders to attempt to work with borrowers to avoid foreclosure, Litton violated the FDCPA when it contacted plaintiff, who it knew, or should have known, was represented by an attorney with respect to that debt, and urged plaintiff to take action that could compromise her claims in related lawsuits.

50. Debtors such as plaintiff whose mortgages are in default are more susceptible to the calculated collection efforts of defendant, and the FDCPA has provisions that are designed to protect such persons. 15 U.S.C. § 1692c states:

> **§ 1692c. Communication in connection with debt collection**
>
> **(a) Communication with the consumer generally**
>
> **Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—**
> \*\*\*\*
> **(2) if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer;**

51. Litton compounded this violation by creating a false sense of urgency in its communications directly with plaintiff. For example, section 1692e provides:

> **§ 1692e. False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading**

> **representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
>> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

52. Defendant's practices complained of above also violate section 1692f, which provides:

> **§ 1692f. Unfair practices [Section 808 of P.L.]**
>
> **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . .**

## CLASS ALLEGATIONS

53. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

54. The class consists of (a) all individuals nationwide, (b) who were sent Exhibit 1 by Litton, (c) who were represented by counsel with respect to the subject loan at the time of sending, (d) where Exhibit 1 was sent during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

55. The class is so numerous that joinder of all members is not practicable.

56. On information and belief, there are more than 50 individuals in the class as defined above.

57. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendant has a practice of sending letters urging

9

loan modification to borrowers who the servicer knows or should know are represented by an attorney with respect to that debt.

58. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

59. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

60. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

(1) Statutory damages;

(2) Attorney's fees, litigation expenses and costs of suit;

(3) Such other and further relief as the Court deems proper.

## COUNT III - FDCPA

### Sharing Debtor Information with Third Parties

61. Plaintiff incorporates paragraphs 1 through 34.

62. Upon information and belief, based upon the language in <u>Exhibit 2</u>, Litton shared with Titanium Solutions, Inc. personal information about plaintiff.

63. The FDCPA section 1692d limits the persons with whom a debt collector may debtors' identities:

> **(b) Communication with third parties**
>
> **Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector.**

64. Sharing plaintiff's information with Titanium Solutions, Inc. violated the FDCPA.

## CLASS ALLEGATIONS

65. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

66. The class consists of (a) all individuals nationwide, (b) whose name, address, telephone number, loan or account, (c) was identified by Litton as associated with a past due debt, (d) to any third party other than a credit reporting agency, (e) at any time during a period beginning one year prior to the filing of this action and ending 20 days after the filing of this action.

67. There is a subclass of persons whose information Litton shared with Titanium Solutions, Inc.

68. The class is so numerous that joinder of all members is not practicable.

69. On information and belief, there are more than 50 individuals in the class

as defined above.

  70. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether defendant has a practice of sharing debtor information with impermissible third parties such as Titanium Solutions, Inc., and whether this practice violates the FDCPA.

  71. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

  72. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation.

  73. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

  WHEREFORE, the Court should enter judgment in favor of plaintiff and the class and against defendant for:

  (1) Statutory damages;

  (2) Attorney's fees, litigation expenses and costs of suit;

  (3) Such other and further relief as the Court deems proper.

                          Respectfully submitted,

                          /s/Keith J. Keogh

Keith J. Keogh  
Alexander H. Burke  
LAW OFFICES OF KEITH J. KEOGH, LTD.  
227 W. Monroe Street, Suite 2000  
Chicago, IL 60606  
(312) 726-1092  
(312) 726-1093 (fax)

## JURY DEMAND

    Plaintiff demands a trial by jury.

                          Respectfully submitted,

                          /s/Keith J. Keogh

# Exhibit 1

**LLS™ Litton Loan Servicing®**

4828 Loop Central Drive
Houston, TX 77081
Telephone (800) 548-8665
Fax (713) 966-8844
www.littonloan.com

12/20/2007

Camille Gburek
~~[redacted]~~
PARK RIDGE, IL 60068-2748

Re: Loan #: ~~[redacted]~~
Property: ~~[redacted]~~
Park Ridge, IL 60068

Dear Mortgagor(s):

We recently sent you a letter requesting that you contact our office to review your financial situation and discuss foreclosure alternatives. To date, we have not received a response to our request.

Again, we would like to emphasize that it is not too late to save your home. Options may be available to help preserve your homeownership. To determine options that best fit your financial situation, you must complete and return the enclosed form and provide the requested documentation to the address indicated below within 14 business days.

Litton Loan Servicing LP<br>
Attention: Loss Mitigation Department<br>
4828 Loop Central Drive<br>
Houston, TX 77081

Litton will not delay ongoing legal action on your home until your financial information has been received and processed.

If you are not obligated on the debt, or if the debt has been discharged in a bankruptcy proceeding, the Servicer is not attempting to collect from you personally. You are being given this notice as a courtesy because your interest in the real estate may be affected.

Should you have any questions concerning your alternatives, do not hesitate to contact us at (800) 548-8665 or visit our website at www.littonloan.com.

Sincerely,

Loss Mitigation Department

Enclosure: Financial Information Form


LITTON LOAN SERVICING LP IS A DEBT COLLECTOR. THIS LETTER IS AN ATTEMPT TO COLLECT YOUR DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

**Litton Loan Servicing**

4828 Loop Central Drive
Houston, TX 77081
Telephone (800) 548-8665
Fax (713) 966-8844
www.littonloan.com

## FINANCIAL INFORMATION FORM

Date: _____
Loan #: _____

### BORROWER INFORMATION

| Borrower's Name: | Borrower's Social Security #: - - |
|---|---|
| Co-Borrower's Name: | Co-Borrower's Social Security #: - - |
| Borrower's Work #: ( ) -  Co-Borrower's Work #: ( ) - | Home Telephone #: ( ) - |
| Employer's Name:  Length of Employment: Year(s): Month(s): | Employer's Name:  Length of Employment: Year(s): Month(s): |

### PROPERTY ADDRESS

| Street Address: | City: | State: | Zip Code: |
|---|---|---|---|

**MAILING ADDRESS**  ☐ Rent  ☐ Own  ☐ Don't Know  How Long: _____ Year(s)

| Street Address: | City: | State: | Zip Code: |
|---|---|---|---|

### MONTHLY INCOME DATA

| Description | Borrower Income | Co-Borrower Income |
|---|---|---|
| Monthly (Take Home Pay) | | |
| Commission/Bonuses | | |
| Other Income (Please Specify) | | |

| ASSETS | | LIABILITIES | | | LIABILITIES | | |
|---|---|---|---|---|---|---|---|
| Description | Estimated Value | Description | Monthly Payment | Balance Due | Description | Monthly Payment | Balance Due |
| Home | | Mortgage Payment | | | Child Care | | |
| Other Real Estate | | Real Estate Taxes | | | Cable | | |
| Automobile | | Homeowners Insurance | | | Medical Expenses | | |
| Automobile | | Other Mortgage/Rent | | | Medical/Life Insurance | | |
| Checking Account | | Alimony/Child Support | | | Student Loans | | |
| Savings/Money Mkt. | | Automobile Loan | | | Credit Card 1 | | |
| IRA/Keogh Account | | Automobile Loan | | | Credit Card 2 | | |
| 401(k)/ESOP Account | | Auto Expenses (Gas/Maintenance/Parking) | | | Credit Card 3 | | |
| Stocks, Bonds, CDs | | Auto Insurance | | | Dry Cleaning | | |
| Other Investments | | Food/Toiletries | | | HOA fees | | |
| | | Utilities/Telephone | | | Miscellaneous | | |

Below please briefly explain your hardship or reason for being delinquent and how you propose to resolve it.

```
[                                                                           ]
```

I/We certify that the financial information stated above is true and is an accurate statement of my/our financial condition. I/We understand and acknowledge that any action taken by Litton Loan Servicing LP on my/our behalf will be made in strict reliance on the financial information provided. By signing below, I/we grant Litton Loan Servicing LP the authority to confirm the information disclosed including, but not limited to, the ordering of credit reports and verification of employment and account balances.

**Litton Loan Servicing LP is a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.**

_____   _____   _____   _____
Borrower Signature           Date        Co-Borrower Signature       Date

Please remember to:
- Sign and date this form
- Include copy of most recent pay stubs or proofs of income covering a full month of wages for all sources of income
- Include copy of most recent bank statement(s) for all checking and savings accounts
- Include copy of tax return for most recent year filed, including all schedules and W-2s
- Return completed and signed forms to:



**Litton Loan Servicing LP
Attention: Loss Mitigation Department
4828 Loop Central Drive
Houston, TX 77081**

# Exhibit 2



**TITANIUM SOLUTIONS, INC**
5225 West Wiley Post Way, Suite 150
Salt Lake City, Utah 84116
801 322-4442 Office
800 400-9479 Fax
800-500-1733 Toll Free
E-Mail: titanium@titaniuminc.com
Web: www.titaniuminc.com

## TITANIUM SOLUTIONS
A NETWORK OF REAL ESTATE PROFESSIONALS

December 26, 2007

Camille Gburek
▓▓▓▓▓▓▓▓▓▓
PARK RIDGE, IL 60068-2748

**Servicer:** Litton Loan Servicing
**Loan #:** ▓▓▓▓▓▓
**RE:** ▓▓▓▓▓▓▓▓▓▓

Dear Camille Gburek:

Your Servicer has requested our company, Titanium Solutions Inc., to contact you because of certain payment arrearages on your Loan. It is our task to work together with you and your Servicer to find a way, if possible, for you to keep your home and to avoid continuing arrearages, which may lead to foreclosure. **Please note that Titanium Solutions is not a debt collector and is not involved in the collection of any of the amounts due under the Servicer's loan. Our Titanium Solutions' representative is not authorized to accept from you any mortgage payment or any other type of payment. Please note that Titanium Solutions will not request or accept any payment from you for its services.**

To provide this assistance, we must collect information from you to analyze your current financial position. We have enclosed a "Financial Information Form" to be filled out by you and returned to Litton Loan Servicing at 4828 Loop Central Drive, Houston, TX 77081. Your Servicer has also requested a copy of your most recent pay stub(s) and/or your most recent Federal Income Tax Return.

A Titanium Solutions representative will be contacting you for an interview. Our representatives have been trained to discuss options that may be available to you and to assist you in completing the "Financial Information Form". We have also enclosed a copy of our brochure entitled, "Working Together To Help Homeowners Preserve Homeownership".

Your Servicer and Titanium Solutions hope that this assistance program results in a mutually positive experience for everyone. If you have any questions upon completion of your interview with Titanium Solutions, please don't hesitate to call your Servicer's Loan Workout Department 800-548-8665 or Titanium Solutions General Offices at 800-500-1733.

_____
Homeowner's Acknowledgment/Date

_____
Homeowner's Acknowledgment/Date

Sincerely,

Titanium Solutions, Inc.,

By: _[signature]_



# TITANIUM SOLUTIONS
A NETWORK OF REAL ESTATE PROFESSIONALS

Servicer Name: Litton Loan Servicing, LLC
Servicer's Loan Number: ███████

## Financial Information Form

| Homeowner Information | Co-Homeowner Information |
|---|---|
| Name: Camille Gburek | Name: |
| Property Address ███████, PARK RIDGE, IL 60068 | Property Address (If different from Homeowner) |
| Mailing Address ███████, PARK RIDGE, IL 60068-2748 | Mailing Address (If different from Homeowner) |
| Home Number | Home Number |
| Cell Number | Cell Number |
| Employer | Employer |
| Employer's Number | Employer's Number |
| Number of People in Household | |

| Have you filed Bankruptcy? | Yes ☐ No ☐ | If Yes: Ch 7 ☐ Ch 13 ☐ | Filing Date: | Attorney's Name: |
|---|---|---|---|---|
| | | | | Attorney's Phone: |

| Monthly Income Homeowner | | Monthly Income Co-Homeowner | |
|---|---|---|---|
| Wages/Take Home | | Wages/Take Home | |
| Overtime | | Overtime | |
| Commissions/Bonus | | Commissions/Bonus | |
| Unemployment Income | | Unemployment Income | |
| Child Support/Alimony | | Child Support/Alimony | |
| Social Security/ Disability | | Social Security/ Disability | |
| Other (Please Explain) | | Other (Please Explain) | |

| Monthly Expenses | | Assets | | |
|---|---|---|---|---|
| | | Type | Estimated Value | |
| Mortgage | | Home | | |
| Rent/Other Mortgage | | Other Real Estate | | |
| HOA/Fees/Dues | | All Checking/Savings Accts. | | |
| Alimony/Child Support | | Stock/Bonds/Mutual Funds | | |
| Child/Dependant/Elderly Care | | IRA/Keogh Accounts | | |
| Entertainment | | Retirement, 401K's etc. | | |
| Insurance (auto, health, life) | | Other | | |
| Pet Expenses | | | | |
| Groceries/Toiletries | | | | |
| Car Expenses (gas, maint, etc) | | Balance Due | | |
| 2nd Mortgage | | | | |
| Automobile Loan(s) List All | | | | |
| Credit Card 1 | | | | |
| Credit Card 2 | | | | |
| Doctor/ Medical Bills / RX | | | | |
| **Utilities** | | | | |
| Cable TV | | | | |
| Electricity | | | | |
| Natural Gas | | | | |
| Telephone/Cell Phones | | | | |
| Sewer/Water | | | | |
| Internet | | | | |
| Other (please list all) examples: Spending money, Lunch Money, Tuition, etc. | | | | |
| **TOTAL** | | | | |

### Please remember to:
☐ 1. Sign and date this form.
☐ 2. Include a copy of your most recent pay stubs (2 months,) or Bank statements or a copy of your last year's Federal Tax Return with all attachments if self-employed.
☐ 3. Include a hardship letter of why you fell behind and what you would like to do to get caught up.
☐ 4. Return Completed and signed form to Titanium Solutions.

I/We certify that the financial information stated above is true, and is an accurate statement of my/our financial condition. I/We understand and acknowledge that any action taken by the lender of my/our mortgage loan on my/our behalf will be made in strict reliance on the financial information provided. My/Our signature(s) below grants the holder of my/our mortgage the authority to obtain a credit report to verify the information in this financial to be accurate.



Signature _____ Date _____ Signature _____ Date

5225 West Wiley Post Way, Suite 150 Salt Lake City, Utah 84116  Phone: 800-500-1733    Fax: 800-400-9479
© 2000 Titanium Solutions, LLC All rights reserved.

Titanium Solutions
5225 West Wiley Post Way #150
Salt Lake City, Utah 84116

2206690662

CAMILLE GBUREK

PARK RIDGE, IL 60068-2748

20071226-80
TSMODSS_LL