IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAMILLE GBUREK, etc., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 08 C 3188 |
| | ) |
| LITTON LOAN SERVICING LP, | ) |
| | ) |
| Defendant. | ) |

<u>MEMORANDUM ORDER</u>

All too often lawyers seem to forget that the underlying purpose of pleading in federal litigation is to inform rather than to obfuscate--a responsibility imposed on plaintiffs and defendants alike. That is a principal reason for the Fed. R. Civ. P. ("Rule") 8(a) emphasis on "short and plain statement[s]" by plaintiffs and for the correlative mandates directed to defendants by the several subparts of Rule 8(b).

In this instance counsel for putative class plaintiff Camille Gburek ("Gburek") cannot fairly be characterized as having paid total heed to the Rule 8(a) admonitions. But although the responsive pleading by Litton Loan Servicing LP ("Litton") could therefore not be brief by definition, Litton's far too lengthy Answer and Affirmative Defenses ("ADs") have impermissibly obscured the fundamental role of eliminating from dispute or possible dispute matters that are not really contested, while at the same time highlighting areas that are at issue. For the reasons stated hereafter, this Court sua sponte

strikes Litton's responsive pleading so that its counsel can go back to the drawing board and replace the overly turgid document with a proper filing.

Just as "Know your broker" has become a byword for investors engaged in securities or commodities trading, so "Know your judge" is wise counsel to members of the legal profession.[1] Nearly a decade has passed since this Court memorialized its concern as to some pleading practices that were unfortunately prevalent among significant numbers of members of the defense bar by publishing an Appendix as part of its opinion in <u>State Farm Mut. Auto. Ins. Co. v. Riley</u>, 199 F.R.D. 276 (N.D. Ill. 2001)(not incidentally, that also spared the need for its secretary to engage in the repeated typing of those matters at length rather than simply citing to that Appendix). More to the point, the first page of this Court's website features under the boldface caption "**RESPONSIVE PLEADINGS**" the name and citation of that case in which the Appendix appears and states:

> Every defense counsel is ordered to review State Farm BEFORE filing any responsive pleading.

Often the respects in which a responsive pleading collides with what is said in <u>State Farm</u> (and more importantly, what is

---

[1] This Court understands that Litton's pleading bears the signature of Boston counsel from the law firm that represents it, but the Chicago member of that same law firm listed on the pleading should either have warned his partner up front or perhaps vetted the pleading before it was filed.

called for by the Rules) are sufficiently small in number so that an order such as this one can itemize those departures, thus aiding defense counsel's curative efforts. But in this instance, Litton's total departures from what has been said in App'x ¶¶2, 3 and 5 are so pervasive that this Court would be unfairly burdened by having to undertake such an effort.

That said, however, just a few concrete examples may be worth giving. For instance, it would seem that Litton's responses to Complaint ¶4 (dealing with jurisdiction) and ¶5 (dealing with venue) should simply be one-sentence straightforward admissions as contemplated by Rule 8(b)(1)(B). Litton's additional hedges, repeated again and again in later paragraphs, really add nothing to the mix, as well as muddying up the identification of matters that are or are not in issue.[2]

As a final example (again not intended to limit the fact that Litton's counsel must rethink the entire pleading), the inclusion of a laundry list of no fewer than nine ADs inevitably obscures any that really conform to Rule 8(c) and the caselaw applying it (see also App'x ¶5 to State Farm). If Litton's counsel were to run a Westlaw or Lexis search on opinions written

---

[2] Litton's constant paragraph-after-paragraph refrain that Gburek's Complaint "sets forth legal conclusions to which no response is required" is particularly offensive. Where as here such an inaccurate assertion is repeated over and over again, any limited circumstance in which that might really be true is bound to be lost in the shuffle--thus defeating any legitimate assertion to that effect.

3

(but not published) by this Court, that might assist in the process of shortening and retooling the AD section.

In summary, Litton's present responsive pleading is stricken in its entirety, with leave of course being granted to file a corrected (and correct) version on or before November 1, 2010. Finally, Litton's counsel are ordered to comply with App'x ¶8 of <u>State Farm</u>.

                                          _____
                                          Milton I. Shadur
                                          Senior United States District Judge

Date: October 18, 2010